**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cory Prochaska,<br><br>          Plaintiff,<br><br>     vs.<br><br>Walgreens Co.,<br><br>          Defendant. | No. CV-06-1117-PCT-PGR<br><br>ORDER |

In a complaint filed on April 21, 2006, the plaintiff alleges that the Court has subject matter jurisdiction over this action solely pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of diversity of citizenship jurisdiction. The Court will therefore require the plaintiff to file an amended complaint curing the pleading deficiencies. *See* 28 U.S.C. § 1653.

Since it is to be presumed that a cause of action lies outside of this Court's limited subject matter jurisdiction unless the contrary is established by the party asserting jurisdiction, Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1677 (1994), the Supreme Court has long since, and repeatedly, made clear that

> [t]he established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

1 Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling
2 v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990).  The plaintiff
3 has not met his jurisdictional pleading burden because the complaint fails to
4 affirmatively set forth the facts necessary for the Court to determine the citizenship
5 of any party.

6      The jurisdictional statement concerning the plaintiff is facially deficient
7 because it merely states that he is "a citizen of the United States and a resident of
8 Yuma County, State of Arizona[.]"   Allegations of residency do not suffice for
9 purposes of § 1332 because, as the Supreme Court has also repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

14 Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf., Kanter
15 v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ...
16 state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction
17 statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to
18 specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity
19 jurisdiction.")

20      The jurisdictional statement concerning the defendant is facially deficient
21 because it merely states that the defendant is "an Illinois corporation doing business
22 in the State of Arizona."   Since a corporate party is a citizen of the state in which it
23 is incorporated and of the state where it has its principal place of business, 28
24 U.S.C. § 1332(c)(1), "an allegation that a corporation is a citizen of a certain state
25 (without more) is not an allegation of fact, but a mere conclusion of law" that is
26 inadequate to establish diversity jurisdiction.   Fifty Associates v. Prudential
27 Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970).

28      The plaintiff is advised that his failure to timely file an amended complaint that

1 cures these pleading deficiencies by affirmatively setting forth the citizenship of each
2 party to this action shall result in the dismissal of this action without further notice for
3 lack of subject matter jurisdiction.   Therefore,
4     IT IS ORDERED that the plaintiff shall file an amended complaint properly
5 stating a jurisdictional basis for this action no later than **May 12, 2006.**
6     DATED this 24th day of April, 2006.

Paul G. Rosenblatt
United States District Judge